RECEIPT #
AMOUNT $ 0
SUMMONS ISSUED No
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 11/21/03

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ALEXANDRE, JEAN JADEL )
   Petitioner )
      V. )
Steven Farquharson, )
District Director )
U.S. Bureau of Immigration )
and Custom Enforcement )
_____ )

PETITION FOR HABEAS CORPUS

# 03-12357PBS

MAGISTRATE JUDGE Dein

## PARTIES

The Petitioner, Jean Jadel Alexandre is a resident of Massachusetts, and is presently in the custody of the U.S. Bureau of Immigration and Customs Enforcement, at the Suffolk County House of Corrections, Boston, MA.

The Respondent, Steven Farquharson, is the District Director for the U.S. Bureau of Immigration and Custom Enforcement, District of Massachusetts.

## JURISDICTION

Jurisdiction is granted to the United States District Court pursuant to 28 U.S.C. sec. 2241. The Writ of habeas corpus can extend to any prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2241(c)(3).

## SUMMARY OF THE ISSUE

Whether the Bureau of Immigration and Customs Enforcement may constitutionally detain and enforce an in-absentia Deportation order where such order was a direct result of ineffective notice.

## STATEMENT OF THE FACTS

The Petitioner is a native and citizen of Haiti who entered the United States on or about August, 1993 without inspection. The Petitioner immediately went to see a man named Joseph Petit Juene who held himself out as an immigration specialist. Mr. Juene promised the Petitioner he would be able to stay in the United States. Mr. Juene promised the Petitioner that for a fee he would be able to keep the Petitioner in the United States. He then told the Petitioner to sign a form and that he would not send the paperwork to the Immigration Service until the Petitioner gave him the money. The Petitioner left Florida and never spoke to the man again.

On November 7, 1997 the Petitioner was ordered removed in absentia by the Honorable Judge Ronald G. Sodom.

Apparently, Mr. Juene sent in what appears to be form I-589 application for asylum without the Petitioner's approval or knowledge. The Address of Mr. Juene's business was 5311 NW Ave, Miami, Florida. This is the address where the Notice to Appear was sent. Mr. Juene was not an Attorney. No legal authority was ever given to him by the Petitioner, nor did he ever contact the Petitioner regarding any pending immigration matters. Furthermore, the address the notice to appear was sent was not the Petitioner's address, it was sent to Mr. Juene's business address.

Mr. Juene still operates out of 5311 NW 3rd Ave., Miami, Florida. Petitioner's family has contacted him concerning the instant case. Mr. Juene indicates that he has the forms and notices that Immigration sent him. However, Mr. Juene would not release any documents without the payment of $1,800.00. Clearly, Mr. Juene makes his livelihood on unsuspecting immigrants in the unauthorized practice of law.

## ARGUMENT

The Petitioner Moves this Honorable Court to grant his request for habeas relief and STAY the Deportation pending the appeal filed with the Board of Immigration Appeals.

The Standard for Stay's of Deportation are the same as that required for preliminary Injunctions. Ralph v. Lucent Technologies, 135 F.3d. 166, 167-68 (1st. Cir. 1999). Here the Petitioner has significant risks of irreparable harm if the injunction is withheld because he will lose the jurisdiction of this Court relative to his Petition for Habeas Corpus provided by 28 U.S.C. 2241 and the pending Motion to Reopen/Reconsider before the Board of Immigration Appeals. Petitioner has a substantial likelihood of success on the Merits; there exists a favorable balance of the hardship to the petitioner without any undue burdening delay to the Bureau of Immigration and Customs Enforcement and there exists a public benefit to adjudicate the issues which the Petitioner raises in this District.

Generally, when an alien fails to appear at a removal proceeding where notice was served by mail, a court may only enter an absentia order where (1) the Department of Homeland Security (DHS) establishes by clear, unequivocal, and convincing evidence that the alien is removable; and

(2) the DHS establishes by clear, unequivocal, and convincing evidence that it provided the alien or his attorney with written notice of the time and place of proceedings and written notice of failing to appear at hearings. See INA sec. 240(b)(5)(A)(2003).

The Petitioner was not provided with notice of the hearing through no fault of his own. He never provided his home address because he was unaware of any pending applications or proceedings with the DHS. The Address that the notice to appear was sent to was not the Petitioner's address, it was the address of a man with no legal authority to act on behalf of the Petitioner.

Petitioner is now the Husband of a United States Citizen and is the beneficiary of a pending I-130 petition for alien relative that was filed at the Boston District Office of the Bureau of Citizenship and Immigration Services (BCIS). Petitioner also filed form I-485 with the BCIS and is eligible for adjustment of status based upon section 245 (I) of the Act. The Petitioner has a United States citizen child, wife, and parent.

For the reasons set forth above, this Court should allow the stay request, and all other relief that is appropriate with this action.

Respectfully Submitted,

The Petitioner,
By His Attorney,

_____
STEPHEN A. LAGANA, ESQ.   11/21/03
Lagana & Associates
145 Essex Street
Lawrence, MA. 01841
978-794-2331

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
U.S. IMMIGRATION COURT
MIAMI, FLORIDA

IN THE MATTER OF:

ALEXANDRE, JEAN JADEL      )          CASE NO. A75-347-744

RESPONDENT/APPLICANT)
)
IN DEPORTATION/EXCLUSION PROCEEDINGS)      DECISION ON A MOTION
REMOVAL
A Motion    TO RECONSIDER AND STAY OF REMOVAL         has

been filed in the above captioned case. The Motion has been duly considered and it appears to the

Court that:

[ ]   The request is timely and reasonable. Therefore, **IT IS HEREBY ORDERED** that the Motion be **GRANTED**.

[X]   The Motion has been duly considered and it appears to the Court that no substantial grounds have been advanced to warrant its grant. Therefore, **IT IS HEREBY ORDERED** that the Motion be and the same is hereby **DENIED.** Stay of Removal is also hereby withdrawn.

[X]   After careful consideration, the Court finds that the respondent's motion fails to prove any error in fact or law in the prior decision of the Court. See 8CFR1003.23. The respondent has stated that he was unaware of the notice sent to the last known address given to the former Immigration and Naturalization Service at the time the Notice to appear was issued. However, he has failed to establish that the asylum application was prepared without his knowledge and consent. No preparer is reflected on the application It appears unlikely that the respondent would have been unaware of his I589 as he has proferred no other basis for his work authorization application.

RONALD G. SONOM
U.S. IMMIGRATION JUDGE

Date signed: 11/10/03

cc:   Chief Counsel
      Counsel for Respondent/Applicant
      Respondent/Applicant

Mailed out: 10/Nov/03          By: MC