UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN JADEL ALEXANDRE,<br>    Petitioner,<br><br>v.<br><br>STEVEN FARQUARSON,<br>DISTRICT DIRECTOR,<br>IMMIGRATION AND<br>CUSTOM ENFORCEMENT,<br>    Respondent. | CIVIL ACTION NO:<br>Docket # 03-12357-PBS |

## RESPONDENT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND OPPOSITION TO THE PETITIONER'S STAY REQUEST

### INTRODUCTION

The Respondent submits this memorandum in support of his motion to dismiss on the ground that the court lacks subject matter jurisdiction.

### FACTS

Petitioner, a native and citizen of Haiti, entered the U.S. without inspection in August 1993. He then applied to the INS for asylum and the attendant benefit of work authorization. Petitioner failed to prosecute the asylum application, and was then placed into removal proceedings by the INS on July 22, 1997. The Notice to Appear for removal hearing was mailed return receipt requested certified mail to petitioner at the address he provided the INS at the time of his fingerprinting in connection with his asylum application, and the Notice informed petitioner that his removal hearing would be held at 9:00 a.m. on November 7, 1997.

Petitioner failed to appear at his removal hearing in Miami, Florida, and was ordered deported in absentia by the Miami Immigration Judge on November 7, 1997.

Petitioner migrated to Massachusetts and married a United States citizen on February 23, 2001. In September 2002, petitioner's spouse filed a visa petition for Petitioner, and Petitioner filed an application to adjust status to lawful permanent residence. Because Petitioner's adjustment application failed to disclose that he was in removal proceedings, the adjustment application and visa petition were processed through the initial stages until it was discovered that Petitioner was subject to the 1997 removal order. Petitioner was taken into DHS custody on September 9, 2003.

Petitioner next filed a motion to reopen his 1997 in absentia removal order at the Miami Immigration Court. Petitioner, through counsel, claimed that he had never received the notice of hearing for his November 7, 1997, removal hearing. The Immigration Judge denied the motion to reopen by decision dated September 30, 2003. Through new counsel, Petitioner moved to reconsider the denial of the motion to reopen, claiming that the address provided on Petitioner's asylum application and used by the INS in its Notice to Appear was not his own address, but that of an unlicensed preparer of applications who filed the asylum application without Petitioner's knowledge or authorization.

The motion for reconsideration was opposed by the Department of Homeland Security, who pointed out that when Petitioner appeared for his fingerprints, he gave the address to which notice of hearing was sent, and also that petitioner's asylum application -- bearing the same address -- was signed by Petitioner and lacked any indication it was prepared by another. The motion for reconsideration was denied by decision dated November 10, 2003.

The Petitioner has filed an appeal of the Immigration Judge's denial with the Board of Immigration Appeals ("BIA"). The Petitioner seeks a stay of removal from this court pending

"the appeal filed with the Board of Immigration Appeals." Petition, p. 3.[1]

## ARGUMENT

### I. The Petitioner Was Properly Ordered Removed Pursuant to the Statutory Framework Established for In Absentia Removal Proceedings

Title 8 U.S.C. §1229a, sets out the procedure applicable to in absentia removal proceedings.

> (A) Any alien who, after written notice[2] required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

8 U.S.C. §1229a(b)(5)(A) and (B). The Immigration Judge has found that the Petitioner was served with notice of the Removal Proceedings at the address provided to INS by the Petitioner in his asylum petition, rejecting the Petitioner's contention that he had no knowledge of the filing of the asylum petition or the Removal Proceedings. See Decision of the Immigration Judge, dated November 10, 2003, attached as Exhibit 1. The Petitioner does not contest that he was properly removable at the time that the order of removal entered.

To alleviate the potential injustice of removal in the absence of notice, Congress

---

[1] The Petition also refers to a pending application to adjust status based upon petitioner's marriage to a United States citizen, but petitioner would first have to reopen his removal order to do that.

[2] See also, 8 U.S.C. §1229(c) ("Service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section.")

3

specifically legislated a limited remedy, expressly conferring discretion upon the Immigration Judge:

> Such an order <u>may</u> be rescinded only--
>
> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. §1229a(b)(5)(C) (emphasis added).[3]

In response to a motion to reopen filed pursuant to this provision, the Immigration Judge has found that the Petitioner was properly ordered removed pursuant to 8 U.S.C. §1229a, and that the Petitioner has failed to demonstrate that he did not receive appropriate notice. Furthermore, the Petitioner does not provide any argument that had notice been provided, the outcome of the proceeding could have been altered.

## II. The Petitioner is Not Entitled to Habeas Relief as the Petition Fails to Allege Any "Colorable Claim of Legal Error"

### A. <u>The Denial of the Petitioner's Motion to Reopen is Discretionary and Not Subject to Habeas Review</u>

The scope of habeas review is not the same as the scope of statutory judicial review in the courts of appeal. <u>Heikkila v. Barber</u>, 345 U.S. 229, 236 (1953). Habeas review is appropriate for allegations that detention was "based on errors of law, including the erroneous application . . . of statutes." <u>INS v. St. Cyr</u>, 533 U.S. 289, 302 (2001). More succinctly, if the statute in question

---

[3] The section goes on to provide that a removable alien shall not be removed while such a motion is pending before the Immigration Judge. <u>Id</u>.

"makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief." Saint Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir.2003) (emphasis added).

Congress created no statutory right to have a motion to reopen granted in these circumstances, expressly legislating that the determination was discretionary. See 8 U.S.C. §1229a(b)(5)(C) (an in absentia removal order "may be rescinded"). Indeed, this Court has rejected habeas review in a similar action in which the Petitioner sought habeas review of the denial of a motion to reopen an in absentia removal, reasoning that:

> [A] statutory right is a necessary predicate to proper habeas jurisdiction. It is not clear that any statutory right existed here because the statute [8 U.S.C. §1229a(b)(5)(C)] does not require that an order be rescinded if the petitioner demonstrates exceptional circumstances; rather, the statute merely states that an order "may" be rescinded. Such language casts doubt on the statutory "right" upon which Lopez's entire petition rests. The precatory--as opposed to mandatory--language itself further suggests that whether to rescind the order is discretionary.
> Even assuming such a right exists, the First Circuit has ruled that, on statutory judicial review, it reviews the Board's denial of a motion to reopen for "abuse of discretion." Such a standard of review strongly suggests that a decision on a motion to reopen presents a question of discretion, not one of pure law.

Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003) (internal citations omitted).

The Petitioner seeks review of a discretionary determination (the denial of his Motion to Reopen), a decision outside the scope of habeas review. As a result, the instant Petition must be dismissed for lack of jurisdiction.

B. <u>The Petitioner May Not Challenge Factual Findings by Way of a Petition for Writ of Habeas Corpus</u>

While the Petitioner contends that he was denied notice of the underlying removal hearing, that issue has been presented to, and rejected by, the Immigration Judge. Specifically, the Immigration Judge found that the Petitioner "has failed to establish that the asylum application was prepared without his consent. . . [and that] [i]t appears unlikely that the respondent would have been unaware of his I-589 as he has proffered no other basis for his work authorization application." See Exhibit 1.

Habeas jurisdiction, by definition, does not encompass review of factual determinations. See 28 U.S.C. §2241; Goncalves v. Reno, 134 F.3d 110, 113, 114 (1st Cir. 1998) (noting that §2241 review is limited to custody in violation of the "Constitution or laws or treaties of the United States" and finding that "pure issue[s] of law" may be raised in habeas); Ruckbi v. INS, 285 F.3d 120, 124 n.6 (1st Cir. 2002); Carranza v. INS, 277 F.3d 65, 72 (1st Cir. 2002). See also, Sol v. INS, 274 F.3d 648, 650 (2nd Cir. 2001) ("[t]his sort of fact- intensive review is vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors."); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir.1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."); Lopez, 267 F.Supp. at 153.

The instant claim has been heard and rejected by the Immigration Judge. The instant claim must be dismissed as habeas jurisdiction does not provide for a second opportunity to re-litigate the facts.

6

## II. A Stay of Removal Is Not Warranted Under the Standard Established by the First Circuit

In <u>Arrevalo v. INS</u>, 344 F.3d 1, 9 (1st Cir. 2003), the First Circuit concluded that the "standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions." "Under this quadral standard, a petitioner must demonstrate (1) that she is likely to succeed on the merits of her underlying objection; (2) that she will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not disserve the public interest." <u>Id</u>. at 7.

The instant Petition fails to cross the first (and most important) threshold, a likelihood of success on the merits. The Petitioner points to no evidence, other than self serving statements, to support his claims. Those claims have been reviewed, and rejected, by an Immigration Judge. The Petitioner points to no other evidence justifying a conclusion that the findings of the Immigration Judge are unfounded.

Consequently, the Petitioner's request for a stay should be denied.

## CONCLUSION

For the foregoing reasons, the Respondent requests that the Petition be dismissed for lack of jurisdiction.

By his attorneys,

MICHAEL J. SULLIVAN
United States Attorney

_____
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136

### Certificate of Service

I hereby certify that a true copy of the above document was served upon counsel for the Petitioner, Steven Lagana, Lagana & Associates, 145 Essex Street, Lawrence, MA 01841, by mail on this 6th day of January 2004.

_____
Mark J. Grady
Assistant U.S. Attorney

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### U.S. IMMIGRATION COURT
### MIAMI, FLORIDA

IN THE MATTER OF:

ALEXANDRE, JEAN JADEL )

RESPONDENT/APPLICANT )

CASE NO. A75-347-744

IN DEPORTATION/EXCLUSION PROCEEDINGS) **REMOVAL**

DECISION ON A MOTION

A Motion **TO RECONSIDER AND STAY OF REMOVAL** has been filed in the above captioned case. The Motion has been duly considered and it appears to the Court that:

[ ] The request is timely and reasonable. Therefore, IT IS HEREBY ORDERED that the Motion be **GRANTED**.

[X] The Motion has been duly considered and it appears to the Court that no substantial grounds have been advanced to warrant its grant. Therefore, IT IS HEREBY ORDERED that the Motion be and the same is hereby **DENIED**. Stay of Removal is also hereby withdrawn.

[X] After careful consideration, the Court finds that the respondent's motion fails to prove any error in fact or law in the prior decision of the Court. See 8CFR1003.23. The respondent has stated that he was unaware of the notice sent to the last known address given to the former Immigration and Naturalization Service at the time the Notice to appear was issued. However, he has failed to establish that the asylum application was prepared without his knowledge and consent. No preparer is reflected on the application It appears unlikely that the respondent would have been unaware of his I589 as he has proferred no other basis for his work authorization application.

RONALD G. SONOM
U.S. IMMIGRATION JUDGE

Date signed: 11/10/03

cc: Chief Counsel
Counsel for Respondent/Applicant
Respondent/Applicant

Mailed out: 10/Nov/03

By: MC